UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-09443-RGK-AGR | Date | March 15, 2023 |
|---|---|---|---|
| Title | *Transamerica Life Insurance Company v. Varooj Arakelian* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order re: Plaintiff's Response to Order to Show Cause [DE 12]

On December 29, 2022, Transamerica Life Insurance Company ("Plaintiff") filed a Complaint against Varooj Arakelian ("Defendant"). (ECF No. 1.) Plaintiff served Defendant on February 6, 2023, and therefore, pursuant to Federal Rule of Civil Procedure ("Rule") 12(a)(1)(A)(i), Defendant's responsive pleading was due February 27, 2023.[1] (*See* Proof of Service, ECF No. 10.) Defendant failed to respond to the Complaint, and the Court issued an Order to Show Cause ("OSC") on March 9, 2023. (ECF No. 11.) The OSC informed the parties that Defendant had until March 13, 2023, to file its pleading. (*Id.*) If he did not, Plaintiff had until March 15, 2023, to apply for entry of default pursuant to Rule 55(a). (*Id.*) Failure to do either of the above would result in dismissal of the action. (*Id.*)

Defendant did not file a responsive pleading, and Plaintiff did not apply for default. Rather, Plaintiff filed a response stating that Defendant had previously sought an extension of the responsive pleading deadline, and Plaintiff "agreed to additional time through March 20, 2023." (Pl.'s OSC Response ¶¶ 3–4, ECF No. 12.) According to Plaintiff, it was then "incumbent upon [Defendant] to have notified the Court of the extension, or else to seek leave for the same, but he did not do so." (*Id.* ¶ 5.) At this time, Defendant was not represented by counsel, which was the primary reason that Plaintiff was amenable to an extension. (*Id.* ¶ 3.) Plaintiff then states that it has not sought entry of default against Defendant because of the extension, and sets its own timeline for entry of default. (*Id.* ¶ 8 ("If [Defendant] does not respond on or before March 20, 2023, or else seek leave of Court for some alternate mode of relief, such as a further extension of time to respond, [Plaintiff] will seek an entry of default on or before April 3, 2023.").)

---

[1] The text entry associated with Plaintiff's proof of service indicates that Defendant's responsive pleading was due March 8, 2023—30 days after service. This is seemingly because Plaintiff's counsel selected a service event with a 30-day response deadline, rather than the 21 days called for by the Federal Rules.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-09443-RGK-AGR | Date | March 15, 2023 |
|---|---|---|---|
| Title | *Transamerica Life Insurance Company v. Varooj Arakelian* | | |

    Plaintiff's cavalier response ignores the clear language of the Local Rules: "A stipulation extending the time to respond to the initial complaint [by not more than 30 days] *shall be filed with the Clerk*." C.D. Cal. L.R. 8-3. It was thus not within Plaintiff's power to unilaterally grant an extension of Defendant's deadline without informing the Court. However, it was perfectly within Plaintiff's power—as the party being represented by a large law firm against a party who (at the time) was not represented by counsel—to file a stipulation that comported with the Local Rules. The Court is unimpressed that Plaintiff shunted the responsibility of filing the stipulation off to a party who was proceeding *pro se* and presumably did not have electronic filing access. Plaintiff's OSC response also sets its own deadline to file an application for default, which it does not have the power to do. In all, Plaintiff's response is unsatisfactory and insufficient to discharge the OSC at this time.

    However, because Defendant appears to have only recently obtained counsel, the Court will allow the parties to file a proper stipulation extending Defendant's responsive pleading deadline in accordance with C.D. Cal. Local Rule 8-3. The stipulation must be filed by **March 16, 2023, at 5:00 p.m.** Alternatively, Plaintiff must file an application for default by the same date and time. Failure to do either will result in dismissal of this action.

    **IT IS SO ORDERED.**

| | : | |
|---|---|---|
| Initials of Preparer | | JRE/ap |